# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SANTREECIA T. YOUNG,
          Appellant,

v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
AT-0752-14-0978-I-1

DATE: February 27, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Malcolm McCrary</u>, Conyers, Georgia, for the appellant.

<u>Janelle M. Sherlock</u>, Atlanta, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant, a former nonpreference eligible mail handler, filed an appeal challenging her "emergency placement in [an] off-duty status" and notice of removal. Initial Appeal File (IAF), Tab 1 at 1-2; *see* Petition for Review (PFR) File, Tab 4 at 7 (Postal Service Form 50). After providing the appellant notice of her burden to establish Board jurisdiction over her appeal, the administrative judge dismissed the appeal for lack of jurisdiction, finding that: (1) the appellant lacked adverse action appeal rights to the Board because she was not an employee within the meaning of 5 U.S.C. § 7511(a)(1)(B) or an employee within the purview of the Postal Employee Appeal Rights Act (PEARA), 39 U.S.C. § 1005(a); (2) the appellant's claim was not yet ripe for adjudication because the removal had been proposed but not yet effected; and (3) in the absence of an appealable action, the Board lacked jurisdiction to adjudicate the appellant's apparent prohibited personnel practice claim. IAF, Tab 2 at 2, Tab 5, Initial Decision (ID). The appellant has filed a timely petition for review, and the agency has responded in opposition. PFR File, Tabs 1, 4.

¶3  The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  A Postal Service employee may appeal an adverse action under 5 U.S.C. chapter 75 only if she is a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity.  39 U.S.C. § 1005(a);  5 U.S.C. §§ 7511(a)(1)(B),  (b)(8);  *Gordon-Cureton v. U.S. Postal Service*, 105 M.S.P.R. 165, ¶ 6 (2007).

¶4  The appellant does not dispute that she is a nonpreference eligible but appears to generally assert that she has appeal rights under PEARA.  PFR File, Tab 1.  However, she has not alleged or provided any evidence that she held a management or supervisory position or that she was engaged in personnel work in other than a purely nonconfidential clerical capacity at the time of her removal.  *See id.*  Thus, we agree with the administrative judge that the appellant has failed to meet her burden to nonfrivolously allege Board jurisdiction over her adverse action appeal.  *See* ID at 3.

¶5  The appellant also argues that the administrative judge incorrectly found that the appeal was not yet ripe for adjudication because there was no evidence that the proposed removal had been effected.  *See* PFR File, Tab 1 at 2-3; ID at 3-4.  The June 6, 2014 removal notice states: "[t]his is advanced written notice that you will be removed from the Postal Service effective at the close of business on July 11, 2014, or no sooner than thirty (30) days from the date of your receipt of this letter."  IAF, Tab 4 at 11.  The appellant stated on her initial appeal form that she received the agency decision on June 6, 2014, and, thus, it appears that the removal was final and ripe for adjudication as of July 11, 2014.  IAF, Tab 1 at 2.  Accordingly, the administrative judge was incorrect in his finding that the

appeal, filed on September 4, 2014, was not yet ripe for adjudication.[2]  In light of the fact that the appellant does not have any adverse action Board appeal rights, however, the administrative judge's incorrect finding as to ripeness is immaterial. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (administrative judge's procedural error is of no legal consequences unless it is shown to have adversely affected a party's substantive rights).

¶6       Lastly, the appellant has filed a motion for leave to submit an additional pleading because she believes that some documents may have been overlooked, not included, or not readily available below.  PFR File, Tab 5; *see* 5 C.F.R. § 1201.114(a)(5).  We DENY the motion because she has not explained the nature of the pleading, nor shown that the additional pleading would contain evidence or argument that is new and material and was not readily available before the record closed.  *See Durr v. Department of Veterans Affairs*, 119 M.S.P.R. 195, ¶ 23 (2013); *see also* 5 C.F.R. §§ 1201.114(a)(5), (k).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[2] Although we need not address the issue, the adverse action appeal appears to have been untimely, rather than prematurely, filed.  A removal appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1).  In the instant case, the appellant received notice of the adverse action on June 6, 2014, and the effective date of the adverse action was July 11, 2014.  IAF, Tab 1 at 2, Tab 4 at 11-13.  However, she did not file the appeal until September 4, 2014.  IAF, Tab 1.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.